**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE COMMERCE INSURANCE COMPANY,<br>*Plaintiff*,<br><br>v.<br><br>ROSARIO C. MCNEAL, et al.,<br>*Defendants*. | Case No. 25-4132-ABA |

**MEMORANDUM OPINION**

Plaintiff The Commerce Insurance Company ("Commerce") has moved for default judgment against Defendant Rosario C. McNeal on a negligence claim arising from a highway crash. ECF No. 13. After being served, Mr. McNeal has not appeared in or defended this action. The Court will grant the motion as to liability and damages of $158,981.94, and, although Commerce's claims against the other defendant, KBI Solutions, LLC ("KBI"), remain pending, will enter final judgment against Mr. McNeal now.

## I. BACKGROUND[1]

C and G Surfacing Specialists, Inc. ("C&G") owned a 2020 Ford F550 truck that Commerce insured. ECF No. 1 ¶¶ 7–8. On or about December 21, 2022, Mr. McNeal, while driving a KBI-owned vehicle on a job KBI had assigned to him, crashed into several vehicles on Interstate 70 in Washington County, Maryland, including C&G's. *Id.*

[1] Given that Defendant has not appeared in this case and Plaintiff has filed a motion for a default judgment, the Court accepts as true the factual allegations in Plaintiff's complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

¶¶ 9–13. C&G's vehicle sustained "severe and extensive damage," and Commerce paid C&G's claim under the policy. *Id.* ¶¶ 14–15.

Commerce sued in December 2025 as C&G's subrogee, bringing a negligence claim against Mr. McNeal (Count I) and claims against KBI for vicarious liability (Count II), negligent selection, hiring, entrustment, and retention (Count III), and negligent training and supervision (Count IV). *Id.* ¶¶ 16–36.

Mr. McNeal was personally served on December 20, 2025. ECF No. 7; ECF No. 13-1 ¶ 8. He never filed an answer or otherwise appeared, and the Clerk entered default against him on March 16, 2026. ECF No. 10. On April 30, 2026, Commerce requested a default judgment against Mr. McNeal for $158,981.94, supported by an affidavit from its counsel and documentation of its payments. ECF No. 13 at 1; ECF No. 13-1. Commerce filed an affidavit of service on KBI in May 2026. ECF No. 15. KBI, like Mr. McNeal, also has not appeared, but Commerce has not sought a default or default judgment against it.

## II. LEGAL STANDARD

"When a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) governs default judgments. Fed. R. Civ. P. 55(b)(1)–(2). In considering motions for a default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan*, 253 F.3d at 780). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680,

684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

## III. DISCUSSION

As a threshold matter, the Court has jurisdiction. The parties are diverse and more than $75,000 is in controversy: Commerce is a citizen of Massachusetts, Mr. McNeal is a citizen of Alabama, and none of KBI's members is a citizen of Massachusetts. ECF No. 1 ¶¶ 1, 3–5; *see* 28 U.S.C. § 1332(a)(1); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citizenship of a limited liability company "is determined by the citizenship of all of its members"). Mr. McNeal is subject to personal jurisdiction here because the crash occurred in Maryland. ECF No. 1 ¶¶ 12–13; *see* Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3). And Commerce's counsel has attested, based on a search of the Department of Defense's database, that Mr. McNeal is not in military service. ECF No. 13-1 ¶ 11; *see* 50 U.S.C. § 3931(b)(1).

### A. Liability

Maryland law governs because the crash occurred in Maryland. ECF No. 1 ¶ 12; *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Lab. Corp. of Am. v. Hood*, 395 Md. 608, 615 (2006). Negligence requires a duty owed to the plaintiff, a breach of that duty, actual injury or loss, and that the loss proximately resulted from the breach. *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76 (1994). The complaint alleges that Mr. McNeal had a duty to operate the KBI vehicle safely; that he breached it by failing to control the vehicle, keep a proper lookout, and maintain a safe speed and following distance; and that the resulting crash damaged C&G's vehicle. ECF No. 1 ¶¶ 13–14, 18–20. Those allegations establish Mr. McNeal's liability on Count I.

**B. Damages**

Allegations "relating to the amount of damages" are not admitted by default, Fed. R. Civ. P. 8(b)(6), so Commerce must prove them, and the Court may rely on affidavits and documentary evidence to do so without a hearing. *See* Fed. R. Civ. P. 55(b)(2). Commerce's exhibits support the $158,981.94 it seeks. Commerce paid C&G $151,515.42 for the vehicle, ECF No. 13-2 at 20, which a valuation report had placed at $152,214. *Id.* at 6. Commerce also incurred $25,291.52 in towing and storage charges and $4,175 in salvage fees and recovered $22,000 when the vehicle was sold for salvage. *Id.* at 20, 63, 64. Those figures net to $158,981.94. *Id.* at 2; ECF No. 13-1 ¶¶ 4, 15. That amount is consistent with the complaint's demand for judgment against Mr. McNeal "in an amount in excess of $75,000.00." ECF No. 1 at 4; *see* Fed. R. Civ. P. 54(c).

**C. Entry of Judgment**

Under Rule 54(b), when multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Where one of several defendants charged with joint liability defaults, the court should enter default against that defendant and "proceed with the cause upon the answers of the other defendants." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Fourth Circuit has held that this procedure applies "not only to situations of joint liability but to those where the liability is joint and/or several." *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967).

That procedure exists to avoid inconsistent judgments when a co-defendant contests the claims. In both *Frow* and *Peerless*, the other defendants appeared and defended. Here, by contrast, KBI, like Mr. McNeal, has not appeared, although

Commerce filed proof of service on it in May 2026. ECF No. 15. With no defendant contesting Commerce's claims, there is no present risk of inconsistent adjudications, and this judgment resolves the only claim against Mr. McNeal. ECF No. 1 ¶¶ 17–20. The Court therefore expressly determines that there is no just reason for delay and will direct entry of final judgment against Mr. McNeal. The Court will also direct Commerce to file, within 14 days, either a request for entry of default against KBI or a status report on how it intends to proceed against KBI.

## IV. CONCLUSION

For the reasons above, the Court will grant Commerce's motion and enter final judgment against Mr. McNeal in the amount of $158,981.94. A separate order follows.

Date: November 16, 2026

/s/
Adam B. Abelson
United States District Judge